C. V. STARR & COMPANY, FEDERAL INC., U. S. A. (FORMERLY AMERICAN INTERNATIONAL UNDERWRITERS, FEDERAL INC., U. S. A.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85822. Promulgated June 30, 1938.

---

*L. C. Collins, Esq.*, for the petitioner.
*Frank B. Schlosser, Esq.*, for the respondent.

### OPINION.

TYSON: The respondent determined an income tax deficiency of $2,128.75 for the calendar year 1933, due to his disallowance of a credit of $2,560.03 claimed by petitioner on account of its distribution, on May 30, 1934, of such amount as a "special dividend" under section 261 of the Revenue Act of 1932, applicable to China Trade Act corporations.

The respondent determined that such special dividend was not distributed within the time required by subdivision (b) (1) of section 261, *supra*, and article 1153 of Regulations 77.

Two questions are presented for our determination. (1) Where, in accordance with section 261 (b), *supra*, the Secretary of Commerce certifies that the petitioner had distributed a special dividend in a certain amount, to certain stockholders and in a certain manner, does such certificate preclude the respondent from determining whether the special dividend was timely distributed within the meaning of that section? (2) What is the time within which the special dividend may be distributed in order to constitute a basis for the allowance of the credit provided for by section 261 (b) (1), *supra*?

The petitioner is a domestic corporation which was organized on April 3, 1928, under the China Trade Act, 1922,[1] as the American

---

[1] The China Trade Act, 1922, 42 U. S. Statutes at Large 849, authorized the organization of District of Columbia corporations, under charters granted by the Secretary of Commerce, for the purpose of engaging in business in China. It provided for the corporations' general powers, bylaws, shares of stock, dividends, revocation of their charters, the inspection of their records, penalties, etc. Section 12 (a) thereof provided that "the fiscal year of a China Trade Act corporation shall correspond to the calendar year." With regard to the taxation of such corporations, that act made certain amendments to the Revenue Act of 1921, by adding thereto, under the heading, "China Trade Act Corporations", section 264, which provided for a credit on account of "special dividends" certified by the Secretary of Commerce as having been distributed in a certain manner. The subsequent revenue acts contain a section corresponding to such section 264 of the 1921 Act, as amended.

Industrial Underwriters, Federal Inc., U. S. A. By amendment to its articles of incorporation, approved by the Secretary of Commerce December 4, 1934, the name of petitioner was changed to "C. V. Starr & Company, Federal Inc., U. S. A."

During the taxable year all of petitioner's operations were conducted in China and all of its income was derived from that source. The petitioner's books of account and records were kept at 17 The Bund, Shanghai, China, where it had a place of business. The petitioner has an office c/o Charles W. Collins, National Press Building, Washington, D. C. The petitioner's taxable year is the same as the calendar year.

On May 30, 1934, the petitioner distributed to its stockholders a special dividend of $2,560.03. By letter dated July 26, 1934, addressed to the Commissioner of Internal Revenue, the Secretary of Commerce, in accordance with section 261 (b) of the Revenue Act of 1932, duly certified the amount of such special dividend distributed and also certain other facts such as the stockholders to whom paid, the amounts paid each, their nationality, the number of shares of stock owned by each, etc., but not the date on which the special dividend was distributed.

On June 14, 1934, the petitioner filed with the collector of internal revenue, Baltimore, Maryland, its corporation income tax return for the calendar year 1933, disclosing a net income of $15,481.80, upon which an income tax of $2,128.75 was computed. Against the tax so computed, the petitioner applied as a credit, under section 261 (b), *supra*, the sum of $2,560.03 representing the above mentioned special dividend, and reported no tax to be due upon the return.

In his deficiency notice the respondent accepted the reported net income without change, but disallowed the claimed credit for the special dividend and determined the deficiency of $2,128.75 in controversy in this proceeding.

Neither party raises any question as to the petitioner's special dividend of May 30, 1934, meeting all of the various requirements specified in the applicable section 261 of the Revenue Act of 1932,[2] except

---

SUPPLEMENT K—CHINA TRADE ACT CORPORATIONS

[2] SEC. 261. CREDIT AGAINST NET INCOME.

(a) ALLOWANCE OF CREDIT.—For the purpose only of the tax imposed by section 13 there shall be allowed, in the case of a corporation organized under the China Trade Act, 1922, in addition to the credit provided in section 26, a credit against the net income of an amount * * * [*determined in a specified manner*].

(b) SPECIAL DIVIDEND.—Such credit shall not be allowed unless the Secretary of Commerce has certified to the Commissioner—

(1) The amount which, during the year ending on *the date fixed by law for filing the return*, the corporation has distributed as a special dividend * * * [to a specified class of stockholders]. [*Italics supplied.*]

a question as to whether such dividend was distributed within the time prescribed by subdivision (b) (1) of section 261.

The first question presented in this proceeding must be decided adversely to petitioner, for while the China Trade Act, 1922, delegated to the Secretary of Commerce certain administrative powers and duties as to corporations organized under that act, it did not, in our opinion, confer upon him, as contended by petitioner, the authority to place upon a provision of the income tax statutes a construction which would be final and binding upon the Commissioner of Internal Revenue, this Board, and the courts, in their respective determinations as to whether a special dividend had been timely distributed so as to form a proper basis for the allowance of a special credit in determining the corporation's income tax liability. We conclude that the letter of July 26, 1934, by the Secretary of Commerce, certifying certain facts, such as the amount of the special dividend, to whom paid, etc., did not preclude the Commissioner of Internal Revenue from making his determination that the petitioner's special dividend of May 30, 1934, was not distributed within the time required by law, and that, therefore, the petitioner was not entitled to the claimed credit.

The second question presented in this proceeding involves the meaning of the language, "the date fixed by law for filing the return" as used in section 261 (b) (1), *supra*. The identical language has been used in the corresponding provision relating to China Trade Act corporations contained in the 1924 and subsequent revenue acts.[3] Prior to the 1924 Act, the corresponding provision of section 264 (b) (1) of the Revenue Act of 1921, as amended by the China Trade Act, 1922, *supra*, used the following language: "*the date of filing* the return." (Italics supplied.) The Commissioner's regulations, promulgated under the 1924 and subsequent revenue acts, as to the meaning of terms used in the sections thereof relating only to China Trade Act corporations, have consistently construed the provisions of those acts as requiring the "special dividend" to be distributed not later than *March 15* succeeding the close of the corporation's taxable year,[4] as a basis for the allowance of the special credit.

---

[3] Sec. 263 (b) (1), Revenue Acts of 1924 and 1926; sec. 261 (b) (1), Revenue Acts of 1928, 1932, 1934; and sec. 262 (b) (1), Revenue Act of 1936.

[4] Art. 1143, Regulations 65, 69, under the Revenue Acts of 1924 and 1926, respectively; art. 1153, Regulations 74, 77, under the Revenue Acts of 1928 and 1932, respectively; art. 261-3, Regulations 86, under the Revenue Act of 1934; and art. 262-3, Regulations 94, under the Revenue Act of 1936, provide, in part, that: "The term 'special dividend' means the amount which, during the year ending *on March 15* succeeding the close of the corporation's taxable year, is distributed as a special dividend * * *." [Italics supplied.]

The petitioner contends that article 1153 of Regulations 77, *supra*, is in conflict with article 403 of Regulations 77,[5] promulgated pursuant to section 53 of the Revenue Act of 1932,[6] which latter regulation grants certain taxpayers an extension of time up to June 15 following the close of their calendar years for filing their returns, that "the date fixed by law for filing the return" of petitioner within the meaning of section 261 (b) (1), *supra*, is June 15, and that, accordingly, its special dividend of May 30, 1934, was timely distributed.

In our opinion the petitioner's contention can not be sustained.

Article 403, *supra*, applies solely to extensions of time granted by the respondent, under his administrative authority, to several classes of taxpayers for filing tax returns subsequent to the date fixed by statute, and it requires the taxpayer to show cause for the delay. It has no application to the statutory time limit within which a China Trade Act corporation must distribute a "special dividend" in order to receive the special credit provided for by section 261, *supra*.

Article 1153, *supra*, applies specifically and only to China Trade Act corporations and, inter alia, it defines the term "special dividend" as the amount distributed not later than March 15 following the close of the taxpayer's taxable year. It thereby construes the language, "the date fixed by law for filing the return" as used in section 261 (b) (1), *supra*, to mean that, to receive the credit, all such corporations must distribute their special dividends not later than March 15, the date fixed by the statute for filing their returns regardless, of whether or not an extension of time had been given by the respondent for the filing of the returns. The soundness of the construction of the statute so made by that article is supported by the language used in another provision of the 1932 Act, relating to the filing of returns, which recognizes a distinction between the time

---

[5] ART. 403. *Extensions of time in the case of foreign organizations, certain domestic corporations, and citizens of the United States residing or traveling abroad.*—An extension of time for filing returns of income for 1932 and subsequent taxable years is hereby granted up to and including the 15th day of the sixth month following the close of the taxable year in the case of:

\* \* \* \* \* \* \*

(c) Domestic corporations which transact their business and keep their records and books of account abroad;

\* \* \* \* \* \* \*

In all such cases an affidavit must be attached to the return, stating the cause of the delay in filing.

\* \* \* \* \* \* \*

[6] SEC. 53. TIME AND PLACE FOR FILING RETURNS.

(a) TIME FOR FILING.—

(1) GENERAL RULE.—Returns made on the basis of the calendar year shall be made on or before the 15th day of March following the close of the calendar year. Returns made on the basis of a fiscal year shall be made on or before the 15th day of the third month following the close of the fiscal year.

(2) EXTENSION OF TIME.—The Commissioner may grant a reasonable extension of time for filing returns, under such rules and regulations as he shall prescribe with the approval of the Secretary. Except in the case of taxpayers who are abroad, no such extension shall be for more than six months.

*fixed by law* for filing returns and an extension of such time granted by the respondent under his administrative authority, namely, section 291, which provides: "In case of any failure to make and file a return required by this title, within the time *prescribed by law or prescribed by the Commissioner* in pursuance of law, 25 per centum of the tax shall be added to the tax \* \* \*." (Italics supplied.)

The respondent's regulation, embodied in article 1153, *supra*, has been in effect, without change, since 1924. (See also, I. T. 2120,[7] C. B. III-2, p. 249 (1924).) The statutory provision therein construed and applied has been reenacted, without change, in the various revenue acts subsequent to 1924, and since the regulation is, in our opinion, both reasonable and consistent with the intent of Congress as expressed in those statutes, *Manhattan General Equipment Co.* v. *Commissioner*, 297 U. S. 129, that regulation has received legislative recognition and approval by such reenactments. *Koshland* v. *Commissioner*, 298 U. S. 441; *National Lead Co.* v. *United States*, 252 U. S. 140.

The respondent's determination is approved.

*Decision will be entered for the respondent.*

---

[7] In I. T. 2120, upon a question raised by the Registrar of the China Trade Act as to the latest permissible date for the distribution of special dividends, the Commissioner issued a ruling, the concluding paragraph of which stated:

"Inasmuch as the latest 'date fixed by law for filing the return' in the case of a domestic corporation filing returns on a calendar year basis is March 15, the latest date on which a China Trade Act corporation may distribute the special dividend and be entitled to the credit provided in section 263 (a) of the Revenue Act of 1924 is March 15. As to additional extension of time for filing returns, see section 227 (a), Revenue Act of 1924, article 443, Regulations 65."